## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEKWANNA VICTOR,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 20-cv-5774** |
| | : | |
| **LANCASTER MARRIOTT PENN** | : | |
| **SQUARE,** | : | |
| **Defendant.** | : | |

## <u>MEMORANDUM</u>

**Joseph F. Leeson, Jr.**                                                    **February 24, 2021**
**United States District Judge**


Plaintiff Sekwanna Victor appears to have abandoned this case shortly after filing it.

Accordingly, for the following reasons, the Court will dismiss this case for failure to prosecute.

## I.      PROCEDURAL HISTORY

Victor initiated this civil action by filing a Motion to Proceed *In Forma Pauperis* and a

Complaint alleging that she was discriminated against in employment in violation of Title VII of

the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.  (ECF Nos. 1-2.)  Upon

opening the case on November 17, 2020, the Clerk's Office sent Victor a copy of the Court's

"Notice of Guidelines for Representing Yourself (Appearing 'Pro Se') in Federal Court," which

was sent to her at the email address that she provided for service of court orders.[1]  (*See* ECF No.

3.)  In a November 23, 2020 Order, the Court denied Victor's Motion to Proceed *In Forma*

*Pauperis* without prejudice for lack of sufficient financial information for the Court to determine

---

[1] Due to the pandemic caused by the novel coronavirus, the Court has directed litigants
who are representing themselves to provide a current email address for service of Court
documents, when possible.

whether Victor qualified for *in forma pauperis* status.[2]  (ECF No. 4.)  Victor was allowed thirty

days to either file an amended motion to proceed *in forma pauperis* or pay the fees to commence

this civil action and was informed that failure to do so could result in dismissal of her case.  (*Id.*)

The Order was served on Victor as the email address she provided to the Court.

On January 11, 2021, having received no response to the November 23, 2020 Order, the

Court directed Victor to show cause within thirty days as to why the case should not be

dismissed for failure to prosecute due to her failure to respond.  (ECF No. 5.)  The January 11,

2021 Order was served on Victor at her email address and informed her that failure to comply

would result in dismissal of her case without further notice.  (*Id.*)  Victor did not respond to the

Order.  She has not communicated with the Court since she filed this action on November 17,

2020.

## II.    DISCUSSION

The Court will consider whether it is appropriate to dismiss this case for failure to

prosecute due to Victor's failure to respond to the Court's Orders.[3]  Federal Rule of Civil

Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or

comply with these rules or order of court."  *See* Fed. R. Civ. P. 41(b).  Ordinarily, a court

---

[2]  The Order mistakenly used male pronouns for Victor, but the Complaint indicates that she is female.

[3]  Victor attached to her Complaint a copy of a notice of right to sue letter dated August 24, 2020.  (ECF No. 2 at 6.)  As it appears that the statute of limitations on Victor's Title VII claims has, by this point, expired — although the Court does not expressly decide this issue — any dismissal of this case would effectively be with prejudice.  *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) ("[I]f the complainant does choose to bring a private action, it must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge." (citing 42 U.S.C. § 2000e-5(f)(1)); *Harrison v. Coker*, 587 F. App'x 736, 740 n.5 (3d Cir. 2014) ("[T]he statute of limitations has run for all of the plaintiffs' claims, and therefore the dismissal is effectively one with prejudice.").  In other words, a dismissal without prejudice does not appear to be an option here.

2

determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several factors in reaching its decision, as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors"). *See, e.g.*, *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994). However, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)). Since it appears that Victor has abandoned her case, outright dismissal appears appropriate here. Nevertheless, in an abundance of caution, the Court will analyze the *Poulis* factors as well.

> *Poulis* sets forth six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (per curiam).

> As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Victor's sole responsibility to prosecute her case and comply with Court orders. *See Briscoe v. Klaus*,

3

538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where litigant was proceeding *pro se*, any failure to comply with orders was attributable to him).  The docket reflects that the Court's Orders were sent to Victor at the email address she provided for service. Both Orders explicitly informed Victor that failure to comply with those Orders could result in dismissal of her case for failure to prosecute.  (ECF No. 4 & 5.)  However, Victor has not complied with the Orders or otherwise communicated with the Court since she submitted her Complaint.  This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, also weighs in favor of dismissal. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984). "[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware,* 322 F.3d at 222.  It is unclear how this case could proceed without plaintiff's participation.  "Simply put, there is no way for Defendants to defend against Plaintiff's claims in [her] absence." *Stephen v. Attorney General*, Civ. A. 18-615, 2020 WL 832914, at *3 (M.D. Pa. Jn. 10, 2020).  Accordingly, requiring the Defendant to proceed in this context would be prejudicial.

The third factor, a history of dilatoriness, is neutral here.  This factor must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is

4

insufficient." *Briscoe*, 538 F.3d at 261.  While Victor has not shown a history of dilatoriness, her failure to respond to two Court orders or otherwise communicate with the Court suggests an intention to abandon this case.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, is neutral.  *See El-Hewie v. Paterson Pub. Sch. Dist.*, Civ. A. No. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015) (where a litigant "has been silent, and that silence is ambiguous" the court could not conclude that litigant acted willfully or in bad faith for purposes of the fourth *Poulis* factor). On this record, Victor's failures are more consistent with negligence or inadvertence as opposed to bad faith.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective because Victor is proceeding *pro se*, may be unable to pay monetary sanctions given her request to proceed *in forma pauperis*, and because it would be difficult to impose another sanction given Victor's non-responsiveness.  *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (per curiam) ("Because Adonai–Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of alternative sanction."); *King v. Galano*, Civ. A. No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile.").

Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery.  *See Poulis*, 747 F.2d at 869-70. Victor asserts generalized employment discrimination claims.  At this early stage of the litigation, it is possible that at least some of Victor's claims have merit, although her vague claims are not plausible as currently pled.  However, a plaintiff must pursue her claims, rather than abandon them, if she is to recover.  Victor's conduct is simply "incompatible with

5

maintaining a lawsuit." *Stephen*, 2020 WL 832914, at *4; *Smith v. Atlas Fitness Incorporation Sys.*, Civ. A No. 10-1021, 2011 WL 3608601, at *3 (M.D. Pa. July 20, 2011) ("Since no party is actively litigating this case at present it is impossible to assess what merit, if any, there may be to these claims."), *report and recommendation adopted*, 2011 WL 3608594 (M.D. Pa. Aug. 16, 2011).

In sum, upon balancing the *Poulis* factors, the Court finds that they weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.  Simply put, there is no way for this litigation to progress without Victor's participation.  An Order follows, which dismisses this case.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**